**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA

vs.

GANIU ADISA KOSOKO,

Defendant.

2:08-cr-0332-JCM-GWF

**ORDER**

This matter is before the Court on Defendant Kosoko's Motion to Order U.S. Marshal to Bring Defendant to Speak with Judge (#183), filed July 20, 2010; Motion to Order Standby Counsel to Accept Collect Calls from Defendant Every Day of Work Week by Ganiu Adisa Kosoko (#184), filed July 20, 2010; Letter from Defendant Kosoko re: meeting with Judge (#185), filed July 20, 2010; Motion to Dismiss Standby Counsel and Not Replace (#188), filed July 21, 2010; Request to Move Case to a Higher Court (#190), filed July 21, 2010.

**1. Motion to Order U.S. Marshal to Bring Defendant to Speak with Judge and Motion to Speak with the Judge Directly**

Defendant Kosoko requests a meeting with the Court on an unidentified "urgent matter" and moves for an order for the U.S. Marshal to bring him before the Court so that he might speak with the judge directly. As there is no matter pending before the Court that is scheduled for hearing and no specific request for relief from Kosoko, the Court will deny Defendant's motion.

The Court also notifies Mr. Kosoko that it is improper for a defendant or the government to engage in *ex parte* communication with the Court, meaning that the parties are prohibited from communicating with the Court without the knowledge of the other parties in the case. LCR 47-3. As a result, the Court will not meet privately with Defendant outside the presence of the Assistant U.S. Attorney on any matter unless an *ex parte* hearing is expressly permitted by statute or rule of

criminal procedure.

This prohibition on *ex parte* communication also extends to correspondence with the Court and Defendant is advised that any motions or other written requests for relief or assistance must be filed with the Clerk of the Court and served on the other parties in this case. *See* LCR 47-1, 47-2, 47-3. Defendant should cease sending letters and pleadings to the judge directly.

**2. Motion for Standby Counsel to Accept Daily Collect Calls from Defendant**

Mr. Kosoko moves for the Court to order standby counsel to accept daily collect calls from Defendant. Defendant's request is unreasonable as Mr. Kosoko has chosen to represent himself *pro se* in this matter. The Court appointed standby counsel to retain familiarity with the case to ready to step in to represent Defendant if necessary.

In light of Kosoko's confusion about standby counsel, the Court will further explain standby counsel's role. Under the Sixth Amendment, a defendant who elects to proceed *pro se* "must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). The *pro se* defendant "is entitled to preserve actual control over the case he chooses to present to the jury." *United States v. Mills*, 895 F.2d 897, 902 (2nd Cir. 1990) (quoting *Wiggins*, 465 U.S. at 178-79). Standby counsel will not "participate over the defendant's objection" or make "or substantially interfere[] with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance". *Id.* However, standby counsel may assist "the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete." *United States v. McDermott*, 64 F.3d 1448, 1453 (10th Cir. 1995) (quoting *Wiggins*, 465 U.S. at 183). In addition, standby counsel may help to ensure the defendant's "compliance with basic rules of courtroom protocol and procedure." *Id.*

It is Mr. Kosoko's responsibility to represent himself. Standby counsel's role is to assist Mr. Kosoko in his defense as necessary. To this end, standby counsel shall make available to Mr.

Kosoko any and all discovery and defense materials when requested by Mr. Kosoko. As standby counsel for Kosoko, Michael Pandullo will make himself reasonably available to Defendant.

**3. Motion to Dismiss Standby Counsel**

On July 21, 2010, the Court received a request from Kosoko for the Court to dismiss his current standby counsel and that no new standby counsel be appointed. (#188). The same day, the Court entered an order dismissing Michael Sanft and appointing Michael Pandullo to serve as Kosoko's standby counsel. It appears that Defendant's motion to dismiss standby counsel is moot and Defendant has not expressed any dispute with his current standby counsel. The Court will deny the motion without prejudice so that Kosoko may refile his request should he still wish that no standby counsel be appointed to assist him in this action.

**4. Request to Move Case to a Higher Court**

Kosoko requests that the Court "move [his] case to [a] higher court if possible". (#190). The Court will deny this request. Kosoko's case is in the United States District Court for the District of Nevada, where he was indicted and the government has chosen to prosecute him. The Court is unaware of any issue or judgment in this case that is appealable to the Ninth Circuit Court of Appeals at this time. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kosoko's Motion to Order U.S. Marshal to Bring Defendant to Speak with Judge (#183) is **denied**. Defendant Kosoko is notified that he should stop engaging in *ex parte* or private communications with the Court. All motions or other written requests for relief or assistance should be filed with the Clerk of the Court and served on the other parties in this case.

**IT IS FURTHER ORDERED** that Kosoko's Motion to Order Standby Counsel to Accept Collect Calls from Defendant Every Day of Work Week by Ganiu Adisa Kosoko (#184) is **denied**.

**IT IS FURTHER ORDERED** that Kosoko's request for a meeting with the Judge (#185) is **denied**.

**IT IS FURTHER ORDERED** that Kosoko's Motion to Dismiss Standby Counsel and Not Replace (#188) is **denied without prejudice**.

. . .

**IT IS FURTHER ORDERED** that Kosoko's request to move his case to a higher court (#190) is **denied**.

DATED this 29th day of July, 2010.

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**