**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GANIU ADISA KOSOKO,<br><br>    Defendant. | 2:08-CV-332 JCM (GWF) |

**ORDER**

Presently before the court are defendant Gainu Adisa Kosoko's motion for judicial recusal and motion requesting a change of venue. (Doc. #155). The government filed a response in opposition to both motions. (Doc. #162). Defendant filed a reply to the government's opposition. (Doc. #176).

This case was originally set for trial on October 19, 2009. Due to various extensions of deadlines, the defendant's final deadline for filing pretrial motions expired on June 1, 2010. (Doc. #125). Therefore, defendant's consolidated motion for change of venue and motion for judicial recusal are untimely. However, as detailed below, this court will deny the consolidated motion on the merits.

**A.    Motion Requesting Recusal**

28 U.S.C. § 144 states that where " the judge before whom the matter is pending has a personal bias or prejudice . . . against a party or in favor of any adverse party," another judge shall be assigned to hear the motion. The Ninth Circuit holds that the legal sufficiency of the motion is determined by the judge against whom the recusal is sought. *United States v. Azhocar*, 581 F.2d 735,

**James C. Mahan**
**U.S. District Judge**

1  738 (9th Cir. 1978). The affidavit alleging bias must "specifically allege facts that fairly support the
2  contention that the judge exhibits bias or prejudice directed toward a party that stems from an extra
3  judicial source." *United State v. Silba*, 624 F.2d 864, 868 (9th Cir. 1980). The facts alleged must
4  be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice. *Curry v. Jensen*,
5  523 F.2d 387, 388 (9th Cir. 1975).

6  Defendant here fails to make an objectively reasonable showing of bias. Defendant requests
7  recusal on the grounds that Judge Mahan is Roman Catholic, owns stock in Bank of America, and
8  that Roman Catholics "own" Bank of America. (Doc. #155). Even if this court credited defendant's
9  conjectures as true, defendant still fails to adduce specific evidence as to how such facts prejudice
10 the defendant. Additionally, the Ninth Circuit holds that neither religion nor ownership of stock are
11 appropriate grounds for recusal in cases such as the one at bar. *United States v. Rogers*, 119 F.3d
12 1377, 1384 (9th Cir. 1997); *Feminist Women's Health Ctr. V. Codispoti*, 69 F.3d 399, 400-01 (9th
13 Cir. 1995). Accordingly, this court denies defendant's motion for Judge Mahan to recuse himself
14 from this case.

15 **B.    Motion Requesting Change of Venue**

16 A trial court may transfer venue if it "is satisfied that so great a prejudice against the
17 defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial
18 there. Fed. R. Crim. P. 21(a). A defendant is entitled to a jury drawn from a "fair cross section" of
19 the community. *Duren v. Missouri*, 439 U.S. 357 (1979).

20 Defendant 's chief complaint regarding venue is the "lack of racial diversity." Even accepting
21 defendant's unfounded claims as true, defendant is not entitled to a jury selected from a "racially
22 diverse" community. Defendant is entitled to a jury drawn from a "fair cross section" of the
23 community so that he may have a fair and impartial trial. Given the fact that voir dire has not begun
24 in this case, any argument as to the racial composition of the jury is premature. Furthermore,
25 defendant requests that the venue be changed to the District of Hawaii. The record indicates no
26 connection between the charged offenses in the pending indictment and Hawaii.

27 Venue in this district is appropriate. The overwhelming majority of over acts charged in the
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

conspiracy occurred in the District of Nevada. (Doc. #55.) The Las Vegas Field Office of the United States Secret Service is the lead investigative agency on this case. Many of the witnesses for the government are employees of various local bank branches in Las Vegas. The office of the United States Attorney working on this case since late 2007 is located in this district. All of the judicial proceedings thus far occurred in this district. None of the co-defendants in this case has objected to venue in Nevada or sought judicial recusal. This court finds that Judge Mahan will not recuse himself of this case, and that venue here is appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant's motion for judicial recusal (Doc. #155) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for change of venue (Doc. #155) be, and the same hereby is, DENIED.

DATED August 9, 2010.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -