# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2:08-cr-0332-JCM-GWF |
| vs. ) | |
| ) | **ORDER** |
| GANIU ADISA KOSOKO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Ganiu Kosoko's Motion to Order the Jail to Accept All Regular Mail in Preparation for Trial (#193), filed July 26, 2010; Defendant's Motion to Have Access to a Law Library (#199), filed July 27, 2010; the Government's Motion to Strike or in the Alternative Set a Pretrial Motions Briefing Schedule (#210), filed August 6, 2010; Defendant's Motion for Order to be Taken to the Library (#225), filed August 17, 2010; the Government's Letter Raising Questions of Defendant Kosoko's Competency and Defendant's Motion for Library and Computer Access in Preparation for Trial (#229), filed August 25, 2010. The Court held a hearing on these matters on August 31, 2010.

Defendant Kosoko is a criminal defendant representing himself *in proper person* who is currently housed at North Las Vegas Detention Center ("NLVDC"). He alleges that the NLVDC administration has impaired his ability to properly prepare his defense by preventing him from accessing the law library and limiting the kind of mail he can receive at the jail.

**1.   Competency Allegations**

On August 20, 2010, the government submitted a letter to the Court addressing some of Kosoko's allegations and raising questions regarding Mr. Kosoko's competency.[1] Specifically, the

---

[1] No formal motion or request for an evaluation of Defendant Kosoko's mental health or competency has been filed in this case. The government raised the competency questions in a letter submitted in response to Defendant's motions to alter prison conditions (#s 193, 199, 225, 229).

government alleged that the prison restrictions imposed on Kosoko are the result of Defendant's self-destructive behavior. According to the government, the incidents at NLVDC suggest that Mr. Kosoko is not competent to represent himself in this case.

The Court addressed the specific allegations with Defendant at the August 31 hearing. In addition, the Court asked Mr. Kosoko's standby counsel, Michael Pandullo, Esq., about his impressions of Defendant's mental competency. Mr. Pandullo represented that he believes Kosoko is mentally competent to stand trial and to represent himself in his defense. In addition, Mr. Pandullo stated that it was his understanding that the self-destructive incidents raised by the government had occurred in the past and that the behavior had stopped. Based on these representations, the Court will not order a mental health evaluation of Defendant Ganiu Kosoko.

### 2.    Motions for Access to a Law Library (#199, 225) and for Computer Access (#229)

Mr. Kosoko alleges that the NLVDC is restricting his access to the law library in a manner that prevents him from properly preparing his defense. The government and representatives of NLVDC responded to these allegations during the August 31 hearing, explaining that the restrictions had been imposed on Kosoko as a result of prior self-destructive behavior and that if Kosoko stopped acting out, his access to the library would be restored.

Defendant's standby counsel also informed the Court that he can provide Kosoko with legal research materials that he may need that are not available through the jail library. Standby counsel stated that Defendant's greatest need was for a copy of the government's discovery. Standby counsel advised that he could provide a copy of the discovery to Defendant so long as he is reimbursed. The Court stated that it would authorize reimbursement for the expenditure.

The Court has previously informed Mr. Kosoko that if he continues to feel the materials at the prison library are inadequate, he should request the assistance of standby counsel to obtain specific materials. (*See* #175, 187). Therefore, the Court will deny the motions.

### 3.    Motion for the Jail to Accept All Regular Mail (#193)

Kosoko alleges that NLVDC prevents him from receiving documents necessary to prepare his defense because NLVDC does not allow incoming mail in any form besides a postcard. (#193). The jail

representative, however, informed the Court that Defendant can receive mail – including documents sent to him by standby counsel or served on him by the government. The Court finds that Defendant has not offered a sufficient basis for the Court to order NLVDC to alter its incoming mail policies.

### 4. The Government's Motion to Strike or in the Alternative Set a Pretrial Motions Briefing Schedule (#210)

The deadline for filing pretrial motions in this action passed on June 1, 2010. (*See* #125). However, Defendant Kosoko has continued to file numerous pretrial motions and letters to the Court, many of which are without merit. (*See* #s 172, 177-79, 182-86, 188-90, 193-96, 198-200, 206-07, 222-25, 229). The Court has already denied most of these motions. However, the Court will not strike them.

In regard to the government's request for a new pretrial motion briefing schedule, the Court does not find that there is good cause to set a pretrial motion briefing schedule as the deadline to file pretrial motions has passed. To ensure that the government is not constantly having to respond to numerous meritless motions, the government is not required to respond to any pretrial motion or letter filed by Defendant Kosoko unless, after screening the motions for merit, the Court orders the government to file a response. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ganiu Kosoko's Motion to Order the Jail to Accept All Regular Mail in Preparation for Trial (#193); Motion to Have Access to a Law Library (#199); the Government's Motion to Strike or in the Alternative Set a Pretrial Motions Briefing Schedule (#210); Motion for Order to be Taken to the Library (#225); Motion for Library and Computer Access in Preparation for Trial (#229) are **denied**.

**IT IS FURTHER ORDERED** that the government is not required to respond to any pretrial motion filed by Defendant Kosoko unless ordered to do so by the Court.

DATED this 9th day of September, 2010.

GEORGE FOLEY, JR.
**UNITED STATES MAGISTRATE JUDGE**