1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6

7    UNITED STATES OF AMERICA            )
                                         )
8                                        )        2:08-cr-0332-JCM-GWF
                vs.                      )
9                                        )        **ORDER**
     GANIU ADISA KOSOKO,                 )
10                                       )
                Defendant.               )
11   _____)

12          This matter is before the Court on Defendant Ganiu Kosoko's Motion Requesting Co-

13   Counsel to Perfect Suppress Motion in Preparation for Trial (#251), filed September 21, 2010;

14   Motion to Dismiss Co-Counsel in Preparation for Trial (#256), filed September 28, 2010; and

15   Motion Requesting Defendant to be Moved to Pahrump (#257), filed September 28, 2010.

16          **1.      Motion Requesting Co-Counsel (#251)**

17          It is unclear to the Court what Defendant is requesting in his Motion Requesting Co-

18   Counsel to Perfect Suppress Motion in Preparation for Trial (#251).  Defendant states that he has

19   had trouble accessing the prison library and his incarceration has impeded his ability to perform

20   legal research. (*Id.*)  As a result, Kosoko requests that the Court order assistance from "co-counsel"

21   in order to "level the playing field".  (*Id.*)

22          Mr. Kosoko has chosen to waive his right to counsel and decided to represent himself *pro*

23   *se* in this matter.  The Court appointed standby counsel to retain familiarity with the case to be

24   ready to step in to represent Defendant if necessary.  To the extent that Kosoko is requesting that

25   his standby counsel prepare motions or pleadings on Kosoko's behalf while Kosoko is representing

26   himself in this action, the Court will deny Kosoko's request and again inform Defendant about the

27   role of standby counsel.

28   . . .

1          Under the Sixth Amendment, a defendant who elects to proceed *pro se* "must be allowed to

2  control the organization and content of his own defense, to make motions, to argue points of law, to

3  participate in voir dire, to question witnesses, and to address the court and the jury at appropriate

4  points in the trial." *McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S.Ct. 944 (1984). The *pro se*

5  defendant "is entitled to preserve actual control over the case he chooses to present to the jury."

6  *United States v. Mills*, 895 F.2d 897, 902 (2nd Cir. 1990) (quoting *Wiggins*, 465 U.S. at 178-79).

7  Standby counsel will not "participate over the defendant's objection" or make "or substantially

8  interfere[] with any significant tactical decisions, or to control the questioning of witnesses, or to

9  speak instead of the defendant on any matter of importance". *Id.* However, standby counsel may

10  assist "the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the

11  completion of some specific task, such as introducing evidence or objecting to testimony, that the

12  defendant has clearly shown he wishes to complete." *United States v. McDermott*, 64 F.3d 1448,

13  1453 (10th Cir. 1995) (quoting *Wiggins*, 465 U.S. at 183). In addition, standby counsel may help to

14  ensure the defendant's "compliance with basic rules of courtroom protocol and procedure." *Id.*

15          It is Mr. Kosoko's responsibility to represent himself. Standby counsel's role is to assist

16  Mr. Kosoko in his defense as necessary. To this end, standby counsel shall make available to Mr.

17  Kosoko any and all discovery and defense materials when requested by Mr. Kosoko. As standby

18  counsel for Kosoko, Michael Pandullo will make himself reasonably available to Defendant.

19          To the extent that Defendant is requesting "co-counsel" or that the Court appoint another

20  attorney to represent Mr. Kosoko while he continues to represent himself in this case, the Court

21  will deny his request. Defendant may exercise his right to represent himself in his defense or he

22  can exercise his right to be represented by counsel. He cannot exercise both rights at once.

23          However, the Court has continuously advised Mr. Kosoko that it believes it is in his best

24  interest to be represented by an attorney in this case. In the event that Kosoko intended the present

25  motion regarding "co-counsel" as a request for appointment of counsel to represent him in this

26  case, the Court will deny the motion without prejudice to allow Kosoko to refile the request as a

27  motion for appointment of counsel.

28  . . .

1

### 2.    Motion to Dismiss Standby Counsel (#256)

Defendant also moves the Court to dismiss his standby counsel because Kosoko does not believe standby counsel has been effective and Defendant claims there has been a breakdown in communication. (#256). The present motion represents Defendant's second request to dismiss his standby counsel. (*See* #177, #256). On July 21, 2010, the Court granted Kosoko's request to remove Michael Sanft who, at the time, was serving as Defendant's standby counsel. (#187). The Court replaced Mr. Sanft with Defendant's current standby counsel, Michael Pandulo, Esq. (*Id.*) Defendant now states that he does not desire to have standby counsel.

As discussed above, Defendant is misunderstanding the role of standby counsel. Standby counsel exists to help Defendant with procedural and other court matters when Defendant asks for assistance. As a defendant, representing himself in this case, Mr. Kosoko has control of how he prepares and presents his defense. He also has the responsibility to know all applicable law, rules of procedure, and rules of evidence. Standby counsel exists as a resource to assist Defendant, who is not a lawyer, with presenting his defense when Defendant asks for assistance. Therefore, the Court finds Defendant has not shown good cause to dismiss standby counsel and will deny Defendant's request.

### 3.    Motion to Move Defendant to Pahrump (#257)

Defendant requests that the Court move him from where he is currently housed at North Las Vegas Detention Center to a different institution in Pahrump. (#257). As Defendant has offered no argument, facts or basis for the Court to order him moved to Pahrump, the Court will deny Defendant's request. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion Requesting "Co-Counsel" to Perfect Suppress Motion in Preparation for Trial (#251) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Co-Counsel in Preparation for Trial (#256) is **denied**.

. . .

. . .

. . .

3

1    **IT IS FURTHER ORDERED** that Defendant's Motion Requesting Defendant to be

2  Moved to Pahrump (#257) is **denied**.

3    DATED this 4th day of October, 2010.

4

5    _George Foley Jr._
    _____

6    **GEORGE FOLEY, JR.**
    **UNITED STATES MAGISTRATE JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28