# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2:08-cr-0332-JCM-GWF |
| vs. ) | |
| ) | **REPORT AND** |
| GANIU ADISA KOSOKO, ) | **RECOMMENDATION** |
| ) | |
| Defendant. ) | Motion to Suppress (#207) |
| _____ ) | |

This matter is before the Court on Defendant Ganiu Kosoko's Motion to Suppress Confession (#207), filed August 3, 2010 and the United States' Response Opposing Defendant's Motion to Suppress His "Confession" (#236), filed August 31, 2010.

## FACTS

On May 7, 2009 Defendant Ganiu Kosoko met with an associate outside of a gas station in or around Atlanta, Georgia.[1] (#236 at 1-2, 5; #236-1; #236-2). Unbeknownst to Defendant, the associate was cooperating with the government, serving as a confidential informant and recording their May 7 conversation. (#236 at 5-8). The two men met outside the gas station and spoke alone, with another associate of Kosoko's sitting in the car that Defendant had arrived in. (#236 at 7; #236-1; #236-2). Defendant and the informant discussed a plan to defraud Bank of America by which the informant would provide Defendant with customers' identification information that Defendant would use to unlawfully obtain money from the bank. (#236 at 5-9). The transcript of the May 7 conversation shows Kosoko talking about issues in his romantic relationships (#236-2 at 2-5, 34-38), explaining a scheme that allows people to obtain money from a bank without providing account numbers (*id.* at 6-34), and stating that he and others have used a similar plan in North

---

[1] The facts discussed above are taken from the present motion to suppress (#207), the United States' response (#236) and the transcript of the May 7, 2009 conversation between Defendant and a government informant, which is attached to the United States' response (#s 236-1, 236-2).

Carolina (*id.* at 6-7). Twice during the conversation Defendant states that he had been drinking. (#236-2 at 3, 17). At one point, the informant asks Defendant if he was high and Defendant replied that he was drunk. (#207 at 2; #236-2 at 16-17).

Defendant argues that his alleged incriminating statements or "confession" were involuntary and obtained in violation of the Fourteenth and Fifth Amendments because he was intoxicated and "substantially impaired" at the time the statements were recorded. (#207). In addition, Kosoko contends the confession should be suppressed because it is not reliable in light of his alleged intoxication. (*Id.*) The Government argues that Defendant's motion to suppress should be denied because 1) the motion is untimely, 2) the statements were not involuntary or obtained in violation of the Fifth Amendment, and 3) the issue of the statements' reliability goes to the weight of the evidence, not to their admissibility. (#236).

## DISCUSSION

### 1. Timeliness of Motion to Suppress

The present motion to suppress (#207) was filed 63 days after the deadline for filing pretrial motions, which passed on June 1, 2010. (*See* #125). A party wishing to file a motion to suppress after the pretrial deadline must request an extension of the deadline. *See* Fed.R.Crim.P. 45(b). Under Fed.R.Crim.P. 45(b), a party requesting an extension to the deadline to file pretrial motions must demonstrate good cause in order for the Court to grant an extension. In addition, where a party requests an extension after the motion deadline has passed, the party must show that he "failed to act because of excusable neglect". *Id*.

The Court has previously denied a request by Defendant to extend the pretrial motion deadline because Defendant failed to show good cause to extend the motion deadline and did not demonstrate excusable neglect for why he failed to request an extension prior to the motion deadline. (#245). The present motion to suppress does not include any additional argument or justification to merit an extension of time and the Court will deny the motion as untimely.

### 2. Voluntariness of Defendant's Confession

Even if the present motion was timely, the Court finds that Defendant's admissions or alleged confession were not involuntary either because they were a product of law enforcement

coercion or due to the Defendant's alleged intoxication. Defendant was not in custody when he spoke with the government informant. (#236-2). As a result, law enforcement officials were not required to advise him of his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612 (1966) (Fifth Amendment requires suppression of statements made during a custodial interrogation unless the defendant has been apprised of, and validly waives, his rights to silence and/or the presence of an attorney); *U.S. v. Holmes*, 44 F.3d 1150, 1159 (2nd Cir. 1995) (holding that *Miranda* warnings are not required for conversations with a government informant where the defendant was unaware of the criminal investigation and unaware that the informant was cooperating with the government).

The question here is solely one of voluntariness: whether Kosoko's statements were the "product of a rational intellect and free will," *see United States v. Pinion*, 800 F.2d 976, 980 (9th Cir.1986) (citations omitted), or whether "the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Bautista*, 362 F.3d 584, 589 (9th Cir. 2004) (citing *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir.1981)) (quoting *United States v. Male Juvenile*, 280 F.3d 1008, 1022 (9th Cir.2002)) (other citation omitted); *see also Haynes v. Washington*, 373 U.S. 503, 513-14, 83 S.Ct. 1336 (1963). It is the government's burden to prove by a preponderance of the evidence that a criminal defendant's statement was voluntary. *Bautista*, 362 F.3d at 589 (citing *United States v. Tingle*, 658 F.2d 1332, 1335 (9th Cir.1981)). The factual inquiry focuses on (1) the conduct of law enforcement officials in creating pressure and (2) the defendant's ability to resist that pressure. *Mincey v. Arizona*, 437 U.S. 385, 399-401, 98 S.Ct. 2408 (1978). Coercion by the authorities is a necessary element of this test. *Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515 (1986).

The government contends that Defendant experienced no pressure or coercion from law enforcement because he did not knowingly interact with law enforcement or government agents on May 7. There is, in fact, no evidence that Defendant was aware that he was dealing with a government informant or that his statements were being recorded. There is also no evidence from the transcript of the recording that the confidential informant pressured Defendant to say anything. (*See* #207). Rather, Defendant and the informant engaged in a back and forth conversation that on

3

its face appears consensual and voluntary. The Court therefore finds that there is no basis to conclude that Defendant's admissions or alleged confession was involuntary because it was obtained through law enforcement coercion.

The evidence also does not support a conclusion that Defendant's admissions or confession were involuntary because he was intoxicated. A confession is voluntary if it is "'the product of a rational intellect and a free will' . . . whether [or not] a confession is the product of physical intimidation or psychological pressure [or] a drug- [alcohol-] induced statement." *Townsend v. Sain*, 372 U.S. 293, 307, 83 S.Ct. 745, 754 (1963) (quoting *Blackburn v. Alabama*, 361 U.S. 199, 208, 80 S.Ct. 274, 280-81 (1960)); *Gladden v. Unsworth*, 396 F.2d 373, 380-81 (9th Cir.1968). *See also Connelly*, 479 U.S. 157, 164, 107 S.Ct. 515, 520 (1986) (finding the mental condition of the defendant is the key factor in determining voluntariness). It appears from the transcript of the May 7 conversation at issue, that Defendant may have been intoxicated. (#236-2 at 17-18). The transcript also shows, however, that Defendant carried on a substantive and coherent conversation with the informant. The two discussed Mr. Kosoko's relationships (*id.* at 2-4) and the plan to engage in allegedly illegal conduct (*id.* at 7-16, 26-34). During several points in the conversation, Defendant discussed how the plan involving the banks would work and how it would be successful. (Id. at 7-16, 26-34). The transcript indicates that Defendant was operating with a rational mind and that he exercised free will in deciding what to talk about and share with the informant. The Court therefore concludes that Kosoko's intoxication was insufficient to overcome his free will and cause his statements to be the product of anything other than a rational mind.

### 3. Question of Reliability

Defendant also raises the question of whether his May 7 statements are reliable based on his alleged intoxication. Reliability is not a basis for suppression. The argument that a statement is not reliable goes to the weight the statement should be given, not to its admissibility.

## CONCLUSION

The Court concludes that Defendant's admissions or confession were voluntary and were not the result of any pressure from law enforcement. Accordingly, Defendant's admissions or confession were not obtained in violation of the Fifth Amendment and Fourteenth Amendment.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress (#207) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to these Findings and Recommendations must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 4th day of October, 2010.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**