1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GANIU ADISA KOSOKO,<br><br>    Defendant. | 208-CR-332 JCM (GWF) |

**ORDER**

Presently before the court is defendant Ganiu Adisa Kosoko's motion for a new trial. (Doc. #314). Also before the court is the defendant's motion to change venue. (Doc. #313). To date, the government has not responded to either motion.

**I.    Motion for New Trial**

The defendant requests a new trial because (1) he was allegedly held in isolation during trial and had no access to evidence, and (2) he alleges that the court's releasing of the indictment to the jury resulted in a "mis-carriage of Justice." (Doc. #314).

Under Federal Rule of Criminal Procedure 33, a court may vacate any judgment and grant a new trial if the interest of justice so requires. For example, motion for a new trial should be granted if the verdict was against the clear weight of the evidence or the failure to grant a new trial would result in a miscarriage of justice. *Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174, 1176 (9th Cir.1990). In deciding a motion for a new trial, the district court is free to weigh the evidence and evaluate for itself the credibility of the witnesses. *U.S. v. Alston* 974 F.2d 1206, 1211 (9th Cir. 1992).

1    The court finds that no new trial is warranted in this case. As to the defendant's first
2    argument, the court was apprised of the defendant's complaints numerous times before and during
3    the trial, and consistently found his allegations to be without merit. The defendant has been provided
4    with sufficient access to his standby counsel, evidence, and legal materials such that there has been
5    no miscarriage of justice in this case.

6    As to the second argument, it is within the court's discretionary power to provide the jury
7    with a copy of the charging document. *See U.S. v. Polizzi*, 500 F.2d 856 (9th Cir. 1974) (holding that
8    the decision to send the indictment into the jury room is within the discretion of the trial judge).
9    Furthermore, the failure to advise the parties of the publication of the indictment to the jury before
10   closing arguments is not necessarily prejudicial error. *Id.* Rather, the Ninth Circuit has upheld the
11   decision of a trial judge to send the indictment into the jury room at the request of the jury during
12   its deliberations, even absent a cautionary instruction. *Id.* at n. 28 (citing *U.S. v. Steed,* 465 F.2d
13   1310, 1316 (9th Cir. 1972)). Thus, the defendant has not shown that the instant verdict is contrary
14   to the clear weight of the evidence or that the failure to grant his motion would result in a
15   miscarriage of justice.

**II.     Motion to Change Venue**

The defendant requests that the court change the venue of the case because (1) most of the defendants are from Atlanta, Georgia, and (2) "the alleged infraction on me are in Atlanta GA." (Doc. #313).

Pursuant to Federal Rule of Criminal Procedure 21, the court may transfer the proceeding against the defendant for trial for prejudice, FED. R. CRIM. P. 21(a), or for convenience of the parties, any victim, and the witnesses, in the interest of justice, FED. R. CRIM. P. 21(b). Here, the defendant alleges that the court should change venue pursuant to subsection (b), because venue would be more convenient in Atlanta, Georgia. Although this may be true, the court has denied the defendant's motion for a new trial. Accordingly, the defendant may not invoke this rule as the basis for the transfer of venue.

Neither may the defendant invoke Federal Rule of Criminal Procedure 20, which governs

**James C. Mahan**
**U.S. District Judge**

- 2 -

transfer for plea and sentence. Pursuant to this Rule, a prosecution may be transferred from the district "where the indictment or information is pending . . . to the district where the defendant is arrested, held or present. . . ." FED. R. CRIM. P. 20(a). Here, the defendant has already gone to trial in the District of Nevada and he is being held in the District of Nevada, meaning this rule is inapplicable. The defendant has cited no authority upon which the court may grant his motion to transfer venue.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to change venue (doc. #313) is DENIED.

IT IS FURTHER ORDERED that defendant's motion for a new trial (doc. #314) is hereby DENIED.

DATED January 24, 2011.

_James C. Mahan_
**UNITED STATES DISTRICT JUDGE**