1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

         Plaintiff,

v.

DWIGHT RAMON POLLARD,

         Defendant.

2:08-CV-332 JCM (GWF)

**ORDER**

Presently before the court is defendant Ganiu Adisa Kosoko's two emergency motions. (Docs. # 446-47).  The first emergency motion seeks a status check and the second emergency motion is for bail.  (Docs. # 446-47).

**I**    **Procedural History**

Defendant was arrested pursuant to a superseding indictment filed on July 28, 2009.  (Doc. # 22).  The indictment charged defendant in counts 1-10 with bank fraud, aggravated identity theft, and conspiracy.  (*Id.*).  The government filed a second subsequent indictment (doc. # 55) on August 25, 2009, which did not affect any of the charges against defendant.

On March 8, 2010, the court, in an "Order of Detention," found that "there [was] a serious risk that the defendant will not appear" at later proceedings.  (Doc. # 112).  The court then granted a hearing on the revocation of pretrial release on March 25, 2010.  The court revoked defendant's pretrial release because defendant violated certain conditions of his pretrial release.  (Doc. # 119).  Specifically, the court made the following factual findings at the hearing regarding the revocation

**James C. Mahan**
**U.S. District Judge**

of pretrial release: (1) the defendant was far more noncompliant than originally appeared"; (2) "there is probable cause to believe that the defendant attempted to suborn perjury during his State Court trial, and therefore, obstruct justice"; and, (3) "the defendant was not entirely candid with this Court in his attempt to explain his curfew violations." (Minutes of court from revocation hearing, Doc. # 119).

Subsequent to the revocation of pretrial release and prior to trial, the defendant filed at least thirty-four motions. (*See generally* docs. 142-270). The bulk of the motions were filed pro se and included motions such as "Motion to Order Standby Counsel to Accept Collect Calls from Defendant Every Day of Work Week." (Doc. # 184). Defendant elected to go to trial, and the trial lasted five days. (*See* docs. # 294-99). The jury found defendant "guilty on all ten counts of the indictment." (Minutes of proceedings from day 5 of trial, Doc. # 299).

Between the return of the guilty verdict and sentencing, defendant filed an additional seven motions. (*See generally* docs. # 306-391). The court sentenced defendant to a total of 175 months. (Doc. # 420). The defendant has been active in his appeal of the conviction and sentence. (*See generally* docs. # 423-48). After the Ninth Circuit accepted defendant's notice of appeal, an appeal that defendant has as a matter of right, defendant filed the instant emergency motions.

**II.     Legal Standards and Discussion**

**A.     Rules of Appellate Procedure**

Defendant may appeal his conviction and sentencing as a matter of right. FED. R. APP. P. 3, Appeal as of Right–How Taken. The Ninth Circuit acceptance of defendant's notice of appeal and setting a briefing schedule, standing alone, does not entitle defendant to any special relief. The defendant is only exercising a right that has no further significance under these facts.

**B.     Bail Reform Act**

Under the Bail Reform Act of 1984, a district court can order the continuation of bail conditions for a defendant who has already been sentenced if the court finds by clear and convincing evidence:

James C. Mahan
U.S. District Judge

(A) That the person is not likely to flee or pose a danger to the safety of another person or the community; and

(B) That the purpose of the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in:

        i.     reversal,

        ii.    an order for a new trial,

        iii.   a sentence that does not include a term of imprisonment, or

        iv.   a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(A) and (B). Congress has enacted § 3143(b)(1) to overrule, legislatively, decisions applying too lenient a standard for allowing release pending appeal and to create a presumption against post-conviction release. S. Rep. No. 225, 98th Cong., 2d Sess. 26-27. "Clear and convincing evidence" is a standard greater than "preponderance of the evidence" but lesser than "beyond a reasonable doubt." *United States v. Chimurenga*, 760 F.3d 400 (2d Cir. 1985). The Ninth Circuit has explained that "the word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985). A substantial question is "fairly debatable" or "fairly doubtful" or "poses issues debatable among jurists of reason." *Id.* at 1281-83.

First, the court already found it necessary to revoke defendant's pretrial release. *See supra* section I. The defendant has offered no reasons or arguments why his status should change following a conviction via a trial by jury. Again, the Ninth Circuit permitting defendant to appeal his conviction, an appeal defendant has as a matter of right, affords him no special relief under these facts.

Second, the defendant has not articulated any argument in his motion that would raise a substantial question of law or fact on appeal. The fact that the Ninth Circuit granted an appeal the defendant has as a matter of right does not in and of itself that the appeal could lead to any of the

1   results listed in § 3143(b)(1)(B)(i)-(iv).  The court finds that defendant has raised no substantial

2   question in law or fact that would warrant bail until a resolution on appeal.  In defendant's motions,

3   defendant raises no questions or arguments for appeal at all.  (*See* docs. # 446-47).

4          Finally, the defendant requests to be placed in a safe house.  However, defendant was

5   convicted by a jury on ten counts in the indictment and then committed to the Bureau of Prisons to

6   serve a term of imprisonment of 175 months.  (Docs. # 299 & 420).  The Ninth's Circuit acceptance

7   of appeal does not warrant a change in defendant's custody status.

8          Accordingly,

9          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's emergency

10  motion for status (doc. # 446) be, and the same hereby is, DENIED.

11         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's emergency

12  motion for bond (doc. # 447) be, and the same hereby is, DENIED.

13         DATED September 20, 2012.

14

15  _____
    **UNITED STATES DISTRICT JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -